UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PAMELA L. WILLIAMS,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY

    Defendant.

Case No. 3:16-cv-402

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' full consent. Doc. 6. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), the administrative record (doc. 4), and the record as a whole.

**I.**

**A.**     **Procedural History**

Plaintiff filed for DIB and SSI asserting disability as of May 1, 2009. PageID 212-24. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, cirrhosis of the liver. PageID 35.

After initial denial of her applications, Plaintiff received a hearing before Administrative Law Judge ("ALJ") George McHugh on June 23, 2015. PageID 50-86. The ALJ issued a

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

written decision on April 27, 2015 finding Plaintiff not disabled. PageID 33-44. Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work, Plaintiff "is capable of performing [her] past relevant work" as well as "other jobs that exists in significant numbers in the national economy[.]" PageID 37-44.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 24-26. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 35-44), Plaintiff's Statement of Errors (doc. 9), and the Commissioner's memorandum in opposition (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if

substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.    **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

3

  4.  Considering the claimant's RFC, can he or she perform his or her past relevant work?

  5.  Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff alleges that the ALJ erred by: (1) failing to explain his reasoning in concluding that Plaintiff did not meet or equal the requirements of Listing § 5.05; and (2) not giving controlling weight to the opinion of treating physician James Derksen, M.D. Doc. 9 at PageID 838-40.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; accurately determined Plaintiff's RFC; and appropriately concluded that Plaintiff can perform her past-relevant work, as well as a significant number of jobs in the national economy.

  **A.**  **Listings**

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers*, 582 F.3d at 653 (internal quotations omitted). "Because satisfying the [L]istings yields an automatic determination of disability . . . the

4

evidentiary standards [at Step Three] . . . are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014). Plaintiff has the burden of proving that she meets or equals all of the criteria of a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987).

At the administrative level, Plaintiff argued that she met or equaled the requirements of Listing § 5.05, although she failed to identify which of the seven separate subsection(s) she purportedly met. *See* PageID 208-10. Notably, Listing § 5.05 has seven separate subsections, *i.e.*, subsections A, B, C, D, E, F, and G. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 5.05(F). Plaintiff's vague and conclusory argument regarding Listing § 5.05 continues on appeal, where she again fails to identity the particular subsection(s) of Listing § 5.05 she allegedly meets or equals. *See* doc. 9 at PageID 838-39.

In his decision at Step Three, the ALJ stated that he "carefully considered Listing 5.05 (chronic liver disease) and [found] the claimant does not meet or medically equal this Listing section or subsections." PageID 37. Plaintiff argues that this conclusory assessment at Step Three is error. *See* doc. 9 at PageID 838-39. While the undersigned is inclined to agree that the ALJ's assessment is cursory, as noted *infra*, even if such cursory analysis is error, such error is harmless. *See Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (finding any error at Step Three harmless where Plaintiff failed to show "that his impairments met or medically equaled in severity any listed impairment").

Presumably, Plaintiff argues applicability of Listing § 5.05(F) in light of her previous diagnoses of hepatic encephalopathy. See 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 5.05(F). The Listings define hepatic encephalopathy as:

> a recurrent or chronic neuropsychiatric disorder, characterized by abnormal behavior, cognitive dysfunction, altered state of consciousness, and ultimately coma and death. The diagnosis is established by changes in mental status associated with fleeting neurological signs, including "flapping tremor"

5

(asterixis), characteristic electroencephalographic (EEG) abnormalities, or abnormal laboratory values that indicate loss of synthetic liver function.

*Id*. at § 5.00(D)(10). To meet or equal the requirements of Listing § 5.05(F) with regard to hepatic encephalopathy, Plaintiff bears the burden of showing:

1. Documentation of abnormal behavior, cognitive dysfunction, changes in mental status, or altered state of consciousness (for example, confusion, delirium, stupor, or coma), present on at least two evaluations at least 60 days apart within a consecutive 6-month period; and

2. History of transjugular intrahepatic portosystemic shunt (TIPS) or any surgical portosystemic shunt; or

3. One of the following occurring on at least two evaluations at least 60 days apart within the same consecutive 6-month period as in F1:

   a. Asterixis or other fluctuating physical neurological abnormalities; or

   b. Electroencephalogram (EEG) demonstrating triphasic slow wave activity; or

   c. Serum albumin of 3.0 g/dL or less; or

   d. International Normalized Ratio (INR) of 1.5 or greater.

*Id*. at § 5.05(F).

In her Statement of Errors, the only evidence cited by Plaintiff regarding Listing § 5.05 are records of a hospitalization and subsequent rehabilitation spanning a period of just over two months, *i.e.*, July 9, 2013 through September 16, 2013. Doc. 9 at PageID 839 (citing PageID 290-34, 368-400). In an apparent effort to show that she meets or equals Listing § 5.50(F)(3)(d), Plaintiff points to a single albumin reading of 2.7 on July 23, 2013, but cites no evidence of any other albumin reading of 3.0 or less. *Id*.; *see also* 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 5.05(F)(3)(d) (requiring a serum albumin of 3.0 g/dL or less "on at least two evaluations at least 60 days apart"). In fact, approximately 60 days after that July 23, 2013 reading, Plaintiff's albumin level exceeded 3.0, with a reading of 4.2 on September 27th. PageID 408, 412, 433.

Having failed to show "that [her] impairments met or medically equaled in severity any listed impairment[,]" the undersigned finds any error by the ALJ in explaining his conclusion at Step Three to be harmless. *See Forrest*, 591 F. App'x at 366.

**B.      Treating Physician**

Plaintiff also argues that the ALJ erred by "failing to give controlling weight to the opinion of James Derksen, M.D.[,]" her treating primary care physician. Doc. 9 at PageID 838-39. On December 4, 2013, Dr. Derksen opined that, as a result of weakness and cognitive issues, Plaintiff "remains completely disabled and unable to return to work." PageID 503.

A medical source's opinion -- including the opinion of a treating medical source -- that a claimant is disabled is an issue "reserved to the Commissioner" and not entitled to "any special significance." 20 C.F.R. § 404.1527(d)(1). In fact, "treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight[,]" although they must be considered. *See* SSR 96-5p, 1996 WL 374183, at *1-3 (1996).

Given that Dr. Derksen's opinion was on an issue reserved to the Commissioner -- *i.e.*, that Plaintiff "remains completely disabled" -- the ALJ properly determined that it was not entitled to controlling weight. As a result, Plaintiff's alleged error in this regard is without merit.

**IV.**

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date:   September 1, 2017                         s/ Michael J. Newman
                                                                                        Michael J. Newman
                                                                                        United States Magistrate Judge